O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDELL ALBERT HOPKINS,<br><br>Petitioner,<br><br>v.<br><br>HONORABLE DAVID S. COHN, et al.,<br><br>Respondents. | Case No. 5:20-cv-01267-DOC-KES<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

## I.

## INTRODUCTION

Petitioner Randell A. Hopkins, an inmate at Corcoran State Prison, filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. In 2005, Petitioner was convicted of burglary after pleading guilty in San Bernardino County Superior Court ("SBSC") case no. FVI018838.

This Court is required to review and dismiss the Petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief...." Rule 4, Rules Governing Section 2254 Cases in the United States District

Courts. The Court finds that Petitioner has not alleged that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Granting leave to amend the Petition would be futile, because "it appears that no tenable claim for relief can be pleaded were such leave granted." Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

## II.
## PROCEDURAL HISTORY

The Court summarizes the procedural history of Plaintiff's criminal prosecution based on the SBSC's online records,[1] which are subject to judicial notice. See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record … including documents on file in federal or state courts.").

In March 2004, Petitioner was charged with robbery and burglary with enhancements for prior felony convictions. Petitioner initially retained counsel, but in December 2004, the public defender was appointed to represent him. In February 2005, the SBSC declared a doubt as to Petitioner's mental competence. In April 2005, after evaluation, Petitioner was found competent to stand trial.

Petitioner continually clashed with his lawyers, filing a motion to discharge appointed counsel under People v. Marsden, 2 Cal. 3d 118 (1970) and a motion to represent himself under Faretta v. California, 422 U.S. 806 (1975). In August 2005, about a month before trial was set to begin, the SBSC granted his motion to represent himself.

---

[1] https://www.sb-court.org/divisions/civil-general-information/court-case-information-and-document-sales

2

On the first day of trial in September 2005, Petitioner entered a plea of guilty to the burglary charge and admitted two priors, causing the prosecution to dismiss the robbery charge. Petitioner was sentenced to 22 years in prison. He is currently housed at California State Prison, Corcoran.[2]

Petitioner did not attempt to appeal until April 2006, and his appeal was deemed defective. Between 2006 and 2015, Petitioner filed multiple challenges to his conviction and sentence, culminating in a June 2015 order by the SBSC deeming Petitioner a vexatious litigant.

## III.
## DISCUSSION

The Petition fails to demonstrate that Petitioner is entitled to relief for multiple reasons, including the following:

(1) Per the caption, the Petition names multiple defendants, including SBSC Judge David Cohn, San Bernardino County District Attorney Michael A. Ramos, California Attorney General Xavier Becerra, the Los Angeles Child Support Services Department, the "parole region administrators" and the "prisoners' rights union." (Pet. at 1.) None of these individuals or entities appear to be the proper respondent for a habeas action under § 2254. See Advisory Committee Notes, Rule 2(a) of the Rules Governing Section 2254 and 2255 Cases in the U.S. District Courts (noting that the proper respondent in a habeas action is "the state officer who has custody" of the petitioner, which includes "either the warden of the institution in which the petitioner is incarcerated … or the chief officer in charge of state penal institutions"); see also Rumsfeld v. Padilla, 542 U.S. 426, 450 n.18 (2004) ("Congress has authorized § 2254 petitioners challenging present physical custody to name either the warden *or* the chief state penal officer

---

[2] See CDCR Inmate Locator, Public Inmate Locator System, https://inmatelocator.cdcr.ca.gov/.

as a respondent.").

(2) Petitioner checked boxes on the habeas form indicating that the Petition challenges a conviction, sentence, prison discipline, a parole problem, and "other." (Pet. at 2.) He is not on parole, and it is unclear what prison disciplinary action he might be challenging.

(3) Petitioner lists five grounds for relief, but none of them demonstrate that his custody violates federal law:

    a. Ground 1 lists philosophical topics for consideration rather than legal grounds for habeas relief (e.g., "the role of prisons, critiques of historical reason, history of madness"). (Id. at 5)

    b. Ground 2 alleges that Petitioner's "conviction [was] obtained by use of [a] coerced confession and denial of effective assistance of counsel." However, Petitioner was pro se when he entered his guilty plea. The supporting facts provided (i.e., the prosecution failed to timely provide a copy of his indictment and "CLETUS" discovery) do not suggest that his guilty plea was involuntary. (Id. at 5.)

    c. Ground 3 alleges that Petitioner's guilty plea was involuntary. The supporting facts, however, are nonsensical. Petitioner alleges, "This situation is tied into Texas and Texas law enforcement. My badge … came out of my pocket on at least 3 different occasions to pay Mr. Hankins for his services in Texas and it's attached to my bank accounts...." (Id. at 6.)

    d. Ground 4 alleges that the prosecution failed to disclose favorable evidence, referring to the post-plea disclosure of "evidence associated to indictment [sic]." Petitioner appears to allege entitlement "$22.5 Billion" in damages due to this late disclosure. (Id. at 6.) A habeas action generally cannot be used

|   |   |   |
|---|---|---|
| 1 |  | to seek damages.  See Preiser v. Rodriguez, 411 U.S. 475, 494, |
| 2 |  | 93 S. Ct. 1827, 1838, 36 L. Ed. 2d 439 (1973) ("If a state |
| 3 |  | prisoner is seeking damages, he is attacking something other |
| 4 |  | than the fact or length of his confinement, and he is seeking |
| 5 |  | something other than immediate or more speedy release—the |
| 6 |  | traditional purpose of habeas corpus."). |
| 7 | e. | Ground 5 alleges that his conviction/sentence violates double |
| 8 |  | jeopardy.  (Pet. at 6.)  Petitioner seems to be arguing that |
| 9 |  | enhancing criminal sentences based on prior convictions is |
| 10 |  | unconstitutional.  (Id., citing California Penal Code section 667.) |
| 11 |  | It is not.  See Monge v. California, 524 U.S. 721, 728 (1998) |
| 12 |  | ("An enhanced sentence imposed on a persistent offender thus |
| 13 |  | 'is not to be viewed as either a new jeopardy or additional |
| 14 |  | penalty for the earlier crimes' but as 'a stiffened penalty for the |
| 15 |  | latest crime, which is considered to be an aggravated offense |
| 16 |  | because a repetitive one.'") (citation omitted).  Ground 5 also |
| 17 |  | alleges, "He, the judge, was also associated to Texas [sic], so he |
| 18 |  | denied me my right of appeal."  (Pet. at 6.)  This may be a |
| 19 |  | reference to a California Court of Appeal order (attached to the |
| 20 |  | petition) which denied his writ of habeas corpus filed in |
| 21 |  | September 2010; per that order, Petitioner asked the Court of |
| 22 |  | Appeal to deem a late notice of appeal timely.  (Id. at 11.)  It is |
| 23 |  | unclear why Petitioner believes that violated the constitution or |
| 24 |  | other federal law. |

25  (4)  Petitioner attaches correspondence arguing he is entitled to early
26 parole consideration under California's Proposition 57 and "to create a business."
27 (Id. at 15.)  Yet none of the grounds alleged in the Petition seek relief under
28 Proposition 57.  Moreover, such a claim would need to be raised in a civil rights

complaint rather than a habeas petition. See, e.g., Travers v. California, No. 17-cv-06126, 2018 U.S. Dist. LEXIS 18715 at *7-8, 2018 WL 707546 at *3 (N.D. Cal. Feb. 5, 2018) (finding that success on such a claim would not "necessarily lead to immediate or speedier release from custody and therefore falls outside the core of habeas corpus ... because Proposition 57 (if it applies to him) only makes him eligible for parole consideration, and does not command his release from prison").

(5) Petitioner attaches another letter describing an SBSC habeas petition he has filed raising issues including a list of apparently unrelated and nonsensical topics (e.g., "things to do while you are waiting, smart goals, types of jobs," "Mark Stone," and "California REAL ID"). (Pet. at 19.)

## IV.
## CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that the Petition is dismissed without leave to amend.

DATED: July 1, 2020

/s/ David O. Carter
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

Presented by:

/s/ Karen E. Scott
KAREN E. SCOTT
United States Magistrate Judge